UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | August 3, 2020 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2018-cv-1077 |
| CASE NAME: | Robert Lang, *et al.* v. Donald Tharpe, *et al.* |
| NATURE OF HEARING: | Status Conference |
| APPEARANCES: | Shawn Govern – Attorney for the plaintiffs |
| | Andrea Davenport – Attorney for the defendants |
| | Jessica Polakowski – Attorney for the defendants |
| | Peter Colasante – Defendant |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 9:06 a.m. – 10:05 a.m. |

## AUDIO OF THIS HEARING AT DKT. NO. 99

The court recounted that it had scheduled an evidentiary hearing on the defendants' motion to set aside default (dkt. no. 47) and the court had asked the parties to inform the court whether they agreed to the court conducting the hearing by videoconference. Defendants Donald R. Tharpe and the Donald R. Tharpe Trust also had filed a Rule 7(h) motion to strike untimely arguments or for leave to file reply to plaintiffs' supplemental evidence. Dkt. No. 87. The court acknowledged that defendants Colasante (dkt. no. 14) and Donald Tharpe and the Donald R. Tharpe Trust (Dkt. No. 51) had filed motions to dismiss for lack of personal jurisdiction; it did not plan to address those at today's hearing.

The court first addressed the motion to strike. The court recounted that it had asked the parties to file supplemental briefs addressing two topics; how service was effectuated and where Donald Tharpe had been living at the time the plaintiffs tried to serve him. In addition to addressing those topics, the plaintiffs' supplemental brief also addressed personal jurisdiction and raised alternate arguments about service and personal jurisdiction. The court agreed with the Tharpe defendants that the plaintiffs could have raised those arguments in the original briefing. The court granted the Tharpe defendants' motion to strike the arguments at pages 8-16 of Dkt. No. 81 and untimely and not responsive to the court's request.

The court then addressed rescheduling the evidentiary hearing. The court observed that the plaintiffs had notified the court that they did not want to have the hearing by videoconference; the defendants had indicated that they *were* willing to do so. The plaintiffs had stated that they did not want to proceed by video because the presentation of exhibits could be complicated, it would be hard for the court to determine credibility by video, the plaintiffs were concerned about using videoconferencing technology (they had never used it) and they wanted their "day in court" and to do this "the right way."

1

The court explained the lengths that judges, court staff and building tenants had gone to to try to reduce the risk to people coming into the courthouse and the courtrooms. The court recounted the most recent statistics—the number of confirmed cases in the state, the high percentage of those confirmed positives in Milwaukee County (where the courthouse is located) and the fact that Wisconsin now is considered a hotspot for the virus. The court noted that it could not conduct certain criminal proceedings via video without the defendant's consent, but that this was not true in a civil case. The court emphasized that it had to consider not only the health of the parties, but of its staff, the people who work in the federal courthouse and anyone coming into the building. The court informed the parties that it has strongly encouraged videoconference hearings.

The court explained that even for in-person hearings, it requires the parties to present documentary evidence electronically, to eliminate the transfer of papers. The court told the parties that it had become pretty familiar with video hearings, having done them for the last five months, and that it felt it could determine a witness's credibility from watching them on a screen. The court emphasized that it wanted the plaintiffs their day in court, but that it had to afford them that right while also reducing risk to everyone involved.

The court asked counsel for the plaintiffs if he had any law or authority indicating that the court could not hold the evidentiary hearing by videoconference over objection. Counsel responded that because he thought today's hearing was a status conference, he had not done that research, but asked the court to give him time to do so. The court provided the parties with cites to several cases, including <u>Gould Electronics v. Livingston County Road Commission</u>, 2020 WL 3717792 (E.D. Mich. June 30, 2020); <u>Argonaut Ins. Co. v. Marietta Enterprises</u>, 2020 WL 3104033 (E.D.N.Y. June 11, 2020); <u>Fourscout Tech. v. Ferrari Group Holdings</u>, 2020 WL 3971012 (Del. Chanc. Ct. July 14, 2020); and <u>In re Broiler Chicken Antitrust Litigation</u>, 2020 WL 3469166 (N.D. Ill. June 25, 2020).

Counsel for the plaintiffs indicated that if the evidentiary hearing was going to go forward, he would like to conduct a deposition of defendant Tharpe; he had not done so during discovery and wished that he had. Counsel explained that he had deposed defendant Colansante, which had been more involved than anticipated. Counsel indicated that he believed that the parties would work together on the exhibits they would use during the hearing.

Counsel for the Tharpes strongly opposed the request to depose Donald Tharpe. She argued that the court had given the parties almost four months to conduct discovery, and that the plaintiff's counsel could have deposed Tharpe during that time. Counsel agreed that the parties had discussed working

2

together on documents for the hearing. Counsel proposed that the parties confer and then report back to the court about the amount of time needed for the hearing, along with possible options for hearing dates.

The court denied the plaintiffs' request to depose Tharpe. The court agreed that it had given the parties almost four months during which the plaintiffs could have deposed Tharpe, and said that it was not willing to reopen discovery to allow for that deposition now.

The court asked the parties to meet and confer by August 14, 2020 regarding how long they will need for the hearing and possible dates on which to conduct the hearing.

Defendant Colansante confirmed that he understood what had happened today and said he would be available any time that worked for the other parties. He indicated that he would be back in the United States from about August 15, 2020 to October 15, 2020. Colasante added that he had not responded to the motion the court ruled on today, but that he had strong feelings about it and would like to file his response. The court explained that he could file the response, but that doing so would not guarantee that the court would not rule it untimely or would grant it. Defendant Colasante said that he understood.

The court **GRANTS** the defendants' Rule 7(h) motion to strike untimely arguments or for leave to file reply to plaintiffs' supplemental evidence and memorandum in opposition to motion to dismiss plaintiffs' first amended complaint. Dkt. No. 87.

The court **ORDERS** that pages 8-16 of Dkt. No. 81 are **STRICKEN** as untimely and unresponsive to the court's request.

The court **ORDERS** that by the end of the day on August 14, 2020, the parties must file a notice letting the court know how much time they will need for the evidentiary hearing and giving the court a time frame and possible dates for conducting the hearing.

Dated in Milwaukee, Wisconsin this 3rd day of August, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**