UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT LANG,
and SUSANNE LANG,

        Plaintiffs,

  v.

DONALD R. THARPE,
DONALD R. THARPE TRUST,
and PETER COLASANTE,

        Defendants.

Case No. 18-cv-1077-pp

**ORDER REGARDING NEXT STEPS**

**I.    Recent Events**

At a status conference on August 3, 2020, the parties and the court discussed how to hold an evidentiary hearing regarding the factual disputes between the parties surrounding the plaintiffs' motion to set aside default—whether the plaintiffs properly and timely effectuated service on the Tharpe defendants, and whether the Tharpe defendants evaded service. Dkt. No. 100. The court asked the parties to confer and discuss the amount of time they would need for a hearing and possible dates and to report back by August 14, 2020. Id. at 3.

On August 7, 2020, the court received a letter from defense counsel, noting that the defendants had been under the impression that any evidentiary hearing would involve evidence regarding personal jurisdiction, not just evidence regarding the service/default issue. Dkt. No. 101. Counsel cited a Seventh Circuit Case and a case from this district holding that personal jurisdiction and default judgment are inextricably intertwined. Id. at 2. Counsel

1

suggested that before scheduling an evidentiary hearing, the court determine the question of personal jurisdiction, because if the court determines that it does not have personal jurisdiction, there will be no reason for the court to consider whether the defendants evaded service or whether the plaintiffs properly served the defendants. Id.

The plaintiffs responded that there are factual disputes regarding personal jurisdiction, meaning that they would be entitled to an evidentiary hearing on the question of personal jurisdiction. Dkt. No. 102 at 1. They also noted that the court had stricken parts of their supplemental responses precisely because those parts discussed personal jurisdiction (the court had indicated that the personal jurisdiction question was not before the court at that point); they asked that if the court decided to consider personal jurisdiction at the evidentiary hearing, they be given the opportunity to submit briefs on that issue (and on transfer of venue) prior to the evidentiary hearing. Id. at 2.

On August 14, 2020, the parties submitted a joint notice regarding the evidentiary hearing. Dkt. No. 103. The plaintiffs first indicated that they agreed that the court could conduct the hearing via Zoom (the defendants already had agreed to this procedure). Id. at 1. The parties reported that if the evidence presented at the hearing relates only to the factual dispute regarding the motion to set aside default, the hearing should take no longer than two, half-day sessions (split because defendant Colasante is in England and the court would need to accommodate the six-hour time difference). Id. at 1. If, however, the hearing involves issues other than those relating to the motion for default, or if defendant Colasante is unavailable at some points, the parties estimate the hearing could take up to two full days. Id. at 2. They also indicated that all

2

Case 2:18-cv-01077-PP   Filed 08/25/20   Page 2 of 12   Document 105

parties were available for a hearing either between October 20-23 or October 26-30, and they proposed a schedule for exchanging witness lists, exhibit lists and exhibits. Id. at 2.

As one might have predicted from the letters the parties submitted prior to filing the joint notice, however, the parties disagreed on several aspects of the personal jurisdiction question. The joint notice indicated that the Tharpe defendants believe that the court has enough information in the record to decide whether it has personal jurisdiction; they believe no further briefing is required and that an evidentiary hearing is unnecessary. Id. at 2-3. They suggested that if the court reached the same conclusion, it should let them know that it was going to be deciding the personal jurisdiction question first, so the parties then could submit a revised proposal for the date of the evidentiary hearing on the default set-aside issue (if necessary). Id. at 2-3.

The plaintiffs believe there are factual disputes as to personal jurisdiction and that an evidentiary hearing is necessary. Id. at 3. They ask to provide supplemental briefing on the issues they raised in the portions of their supplemental responses that the court struck. Id.

After the parties filed the joint notice, the Tharpe defendants filed another letter, asserting that whatever factual disputes there might be regarding personal jurisdiction were not material. Dkt. No. 104. The Tharpe defendants also objected to the court allowing the plaintiffs to file any further briefs on the personal jurisdiction issue, pointing out that the court had concluded when it struck portions of the plaintiffs' supplemental filings that such arguments were untimely. Id.

3

## II. Past History

Review of the docket shows that the *court* has created the current, muddy procedural posture and given rise to the dispute regarding when and how the court should decide personal jurisdiction. The July 13, 2018 complaint named *four* defendants—the two Tharpe defendants, defendant Colasante and Ronald J. Aiani, Esq., who had represented the Tharpe defendants as their legal counsel. Dkt. No. 1. On September 4, 2018—before the plaintiffs filed any affidavit of service showing that he had been served[1]—Aiani filed a motion to dismiss the original complaint for failure to state a claim and *lack of personal jurisdiction*. Dkt. No. 6. Under this district's local rules, the plaintiffs had twenty-one days to respond to this motion. Civil L.R. 7(b) (E.D. Wis.).

On September 24, 2018—the day before the twenty-one-day deadline for responding to Aiani's motion to dismiss—the plaintiffs filed an amended complaint. Dkt. No. 11. The amended complaint named the same five defendants. Id. at 1. The amended complaint was served on defendant Colasante on September 13, 2018. Dkt. No. 12. On October 3, 2018, defendant Colasante—who has represented himself throughout the case—filed a motion to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6) and 12(b)(2). Dkt. No. 14. The two-page supporting brief stated that defendant Colasante incorporated by reference the memorandum of law Aiani had filed in support of his motion to dismiss the original complaint. Dkt. No. 15 at 1. Colasante said that the motion related both to the original complaint and the amended complaint. Id. Colasante asserted that he was in "the exact same position as

---

[1] The plaintiffs filed the affidavit of service for Aiani on October 2, 2018; it showed that he had been served on August 18, 2018. Dkt. No. 13.

Aiani when it comes to jurisdiction and the lack of any contact with the State of Wisconsin." Id. Under Civil L.R. 7(b) the plaintiffs' response was due by October 24, 2018.

On October 24, 2018—the day their response to Colasante's motion was due—the plaintiffs filed a brief in opposition. Dkt. No. 31. The plaintiffs correctly noted that the amended complaint superseded the original complaint (see, *e.g.*, Riley v. Elkhart Comm. Schools., 829 F.3d 886, 890 (7th Cir. 2016) citing Anderson v. Donahoe, 699 F.3d 989, 997 (2012) ("an amended complaint supersedes any prior complaint, and becomes the operative complaint")); they argued that because Colasante had incorporated by reference Aiani's motion to dismiss the now-superseded original complaint, Colasante's motion was obsolete and the court should strike it. Id. at 2. The plaintiffs also argued that the court had personal jurisdiction over Colasante, id. at 3-11, and that the complaint stated a claim against him, id. at 11-17. Although he had fourteen days from October 24, 2018 by which to do so (Civil L.R. 7(c)), defendant Colasante did not file a reply brief. This means that Colasante's motion has been fully briefed since October 2018.

Aiani also filed a motion to dismiss the amended complaint for failure to state a claim and lack of personal jurisdiction. Dkt. No. 17. After seeking (dkt. no. 33) and receiving (dkt. no. 34) an extension of time to do so, the plaintiffs filed their opposition brief, dkt. no. 35. Three weeks later, however, the parties stipulated to the court dismissing Aiani as a defendant, with prejudice. Dkt. No. 38. The court approved the stipulation, and Aiani no longer is a defendant. Dkt. No. 44

Meanwhile, the plaintiffs had been making various efforts to serve the Tharpe defendants with the amended complaint. See Dkt. Nos. 20, 22, 24, 26,

5

28, 36, 37, 39, 40. On December 10, 2018, the plaintiffs asked for entry of default. Dkt. No. 41. The clerk entered default on December 21, 2018. Six months later, on June 7, 2019, the Tharpe defendants filed the motion to set aside default that has given rise to the parties' request for an evidentiary hearing. Dkt. No. 47. In their supporting brief, the Tharpe defendants represented that they had first received a copy of the complaint on May 15, 2019. Dkt. No. 48 at 1.

Two weeks later, on June 21, 2019, the Tharpe defendants filed a motion to dismiss the amended complaint for lack of personal jurisdiction and for failure to state a claim. Dkt. No. 51. Under Civil L.R. 7(b), the plaintiffs' opposition was due by July 21, 2019. The plaintiffs timely filed that opposition brief on July 12, 2019. Dkt. No. 62. The Tharpe defendants filed their reply brief in support of the motion on July 26, 2019. Dkt. No. 64.

The court scheduled a hearing to consider both the motion to set aside default and the motions to dismiss filed by Colasante and the Tharpe defendants. Dkt. No. 67. The court held the hearing on October 2, 2019. Dkt. No. 72. The court started by expressing concern that defendant Colasante had incorporated as his brief in support of his motion the brief of someone who'd been dismissed—a version of the argument the plaintiffs had made about why the court should strike Colasante's brief. Id. at 1. The court then stated that it was concerned that it did not have personal jurisdiction over the defendants. The minutes of the hearing reflect that the court stated that if the only link between the defendants and the Eastern District of Wisconsin was the fact that the plaintiffs live in the Eastern District, "this case was in the wrong place." Id.

The court then turned to the motion to set aside default, and the question of where defendant Donald Tharpe was or was not living when the

plaintiffs were trying to serve him. Id. The court explained that it did not have before it the kind of evidence that likely would resolve the issue—mail, a driver's license, utility bills. Id. at 2. The minutes state that

> The court related this concern back to its concerns about personal jurisdiction, noting that it couldn't decide the motion to withdraw default without additional evidence, but that if it [had] no personal jurisdiction over the defendants there [was] no point in the parties presenting evidence on the default judgment issue.

Id. After some back and forth between counsel for the Tharpe defendants and the court, the court told the parties that it would allow limited discovery "on two issues: contacts with the forum district and the question of where defendant Donald Tharpe kept his dwelling or abode." Id. The minutes conclude this way:

> Counsel for the Tharpe defendants responded that if the court was going to deny the motion to set aside default, there was no need for the Tharpe defendants to conduct discovery on personal jurisdiction. The court replied that conducting discovery on both issues at the same time would avoid all parties wasting time on two rounds of pre-discovery discovery.

Id.

On February 5, 2020, the Tharpe defendants filed their supplemental evidence in support of their motion to set aside entry of default and their motion to dismiss. Dkt. No. 73. The document did not contain any citations to case law; it quoted from declarations and exhibits and reiterated some of the arguments the Tharpe defendants had made in their original pleadings. The defendants provided the court with the affidavits cited in the document. Dkt. Nos. 74-77.

At the February 6, 2020 status conference, counsel for the plaintiffs asked the court for thirty days to file the plaintiffs' supplement. Dkt. No. 80 at 1. The minutes reflect that "[c]ounsel did not believe the court needed to

7

schedule an evidentiary hearing on personal jurisdiction, arguing that once the court reviewed the Colasante deposition and the case law it would conclude that it could decide the issues on the law." Id. Defense counsel opined that the court could resolve *both* issues—personal jurisdiction and the motion to set aside default—on the briefs. Id. The minutes of the hearing then state:

> The court looked at paragraph 158 of the 13th cause of action and emphasized the "in the forum state" language. The court observed that the plaintiffs' counsel had referred to many Wisconsin contacts, but opined that all the contacts were with the *plaintiffs*, not with the forum state (Wisconsin). The court encouraged the parties to review the cases it had cited at the hearing regarding personal jurisdiction.

Id. The court then scheduled an evidentiary hearing for April 3, 2020 but told the parties that if it determined from the pleadings and other documents that the hearing was not necessary, it would remove the hearing from the calendar. Id. at 2.

On March 10, 2020, the plaintiffs filed a document titled "Plaintiffs' Supplemental Evidence and Memorandum In Opposition to Defendants Colasante, Donald R. Tharpe's and Donald R. Tharpe Trust's Motion to Dismiss Plaintiffs' First Amended Complaint." Dkt. No. 81. The first two sections of the filing recounted facts and reiterated arguments, just as the Tharpe defendants' February 5, 2020 supplement had done.[2] Id. at 1-6. The first part of the discussion section, while it cited one case and a Virginia rule of civil procedure, largely cited facts and made arguments. Id. at 6-8. The remainder of the pleading, however, was a legal brief on personal jurisdiction and a request to transfer venue rather than dismiss. Id. at 8-16. The court had not given the parties leave to file additional briefs, and the deadlines for the plaintiffs to file

---

[2] The plaintiffs also had attached declarations to their supplement. Dkt. Nos. 82-86.

8

their opposition briefs to the defendants' motions to dismiss had long passed—October 24, 2018 for Colasante's motion and July 12, 2019 for the Tharpe defendants' motion.

The Tharpe defendants filed a motion asking the court to strike the legal brief portions of the plaintiffs' supplement. Dkt. No. 87. The plaintiffs responded that they ought to be able to raise their arguments in a supplement. Dkt. No. 90. The Tharpe defendants responded that the plaintiffs had waived the newly-raised legal arguments and responded to the substance of those arguments. Dkt. No. 91.

It was at this point that the *court* threw a spanner into the works. Recall that the court had scheduled an evidentiary hearing for April 3, 2020 but had told the parties that if it concluded that it could decide the issues on the papers, it would remove that hearing from the calendar. On March 17, 2020, the court *did* remove the April 3, 2020 evidentiary hearing from the calendar, but *not* because it had decided the issues on the papers. In the week prior to March 17, following over a month of the virus's spread in neighboring Illinois, media outlets had reported the first confirmed cases of COVID-19 in Wisconsin. As of March 8, 2020, there were thirty-two confirmed cases in the state that had had no confirmed cases a month earlier. The undersigned, as chief judge, had been monitoring the Wisconsin numbers, communicating with other chief judges in the Seventh Circuit, conferring with colleagues in both federal and state court and researching what federal courts in other areas of the country had been doing in response to outbreaks. On March 16, 2020, the court issued the first general order continuing all in-person hearings. See Amended General Order 20-2, available at https://www.wied.uscourts.gov/

9

sites/wied/files/documents/20-2_Order_Regarding_Covid-19_amended.pdf. When the court continued all in-person hearings, its staff removed the April 3, 2020 evidentiary hearing from the hearing calendar.

Prior to removing the hearing from the calendar, the court had not reviewed the papers to determine whether a hearing was necessary. The undersigned had been focused on administrative issues relating to the growing virus crisis, as well as on criminal matters. In the two to three months after the court removed the evidentiary hearing from the calendar, the undersigned spent the majority of her time working with court stakeholders to figure out how the court could continue its operations while minimizing risks to litigants, court staff and the public.

As the court began to implement the procedures the stakeholder groups had suggested—video hearings via Zoom, Plexiglas dividers and masks for in-person hearings, limits on the number of in-person hearings and the number of people in the courtroom for such hearings, cleaning protocols—the judges of the Eastern District decided to let lapse the orders continuing all in-person hearings. As of July 2, 2020, there no longer was a blanket continuance order in place. In the days that followed, the court reviewed the hearings and trials it had removed from the calendar in late March, April, May and June, and began to determine how to reschedule the backlog.

As part of this process, the court issued a text-only order on July 9, 2020, asking the parties to indicate whether they would "agree to hold a re-scheduled evidentiary hearing via Zoom videoconferencing technology." Dkt. No. 95. It had been five months since the February 2020 status conference at which the court told the parties that if it could resolve the motions to dismiss and the motion to set aside default on the papers, it would do so. Its focus had

10

shifted to how to schedule the backlog of adjourned hearings, and the court frankly had forgotten that it had indicated that it would first consider whether it could rule on the papers. So when the parties notified the court of their positions on whether they'd agree to a hearing by videoconference, and given that it appeared they did not agree, the court scheduled a status conference to address that disagreement.

At that hearing, the court granted the Tharpe defendants' motion to strike the unauthorized legal brief the plaintiffs had filed with their evidentiary supplement (pages 8-16 of Dkt. No. 81). Dkt. No. 100 at 1. The rest of the hearing focused on the issue of in-person versus remote hearings, and the court asked the parties to advise the court by August 14, 2020 of how much time they needed for the evidentiary hearing and what dates they might be available. Id. at 2. The court conducted the hearing as if it were a given that an evidentiary hearing was necessary, even though months earlier, plaintiffs' counsel had argued that no evidentiary hearing was necessary regarding personal jurisdiction and the court itself had told the parties that if it could decide the issues on the papers, it would.

### III. The Present

Defendant Colasante's motion to dismiss for lack of personal jurisdiction and failure to state a claim is fully briefed. The Tharpe defendants' motion for lack of personal jurisdiction and failure to state a claim is fully briefed. The plaintiffs and the Tharpe defendants have had the opportunity to provide the court with additional evidence regarding the defendants' contacts (or lack thereof) with the forum state.

The court is going to do what it should have done before requiring the parties to provide their positions on remote hearings—it is going to review and

11

analyze the pleadings and the evidence relating to personal jurisdiction. The court is not going to allow either party to supplement their briefs on the issue—the deadlines for briefing the issue have passed. As for the plaintiffs' argument that an evidentiary hearing is necessary for the court to determine whether it has personal jurisdiction, the court will make that determination when it reviews the pleadings (though it has noted that the plaintiffs argued exactly the opposite at the October 2, 2019 hearing).

The court hopes to give the parties a decision—either a decision on the merits of the motions to dismiss for lack of personal jurisdiction or a decision on whether the court believes an evidentiary hearing is necessary—by the end of the day on **August 31, 2020**. If the court determines that an evidentiary hearing is necessary, the court will give the parties an opportunity to consider whether the October dates they have suggested are still viable.

Dated in Milwaukee, Wisconsin this 25th day of August, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
